QUESTION: Can a municipality which has abolished its municipal court be required to pay the assessable costs appurtenant to the trial of violations of municipal ordinances in county court, when no fines or forfeitures or costs are assessed against the defendant?
SUMMARY: Subject to legislative or judicial clarification, a municipality which has abolished its municipal court should pay to the county the taxable costs appurtenant to the trial of violations of municipal ordinances in county court when no fines or forfeitures or costs are assessed against the defendant. Section 34.191, F.S., provides in pertinent part as follows: (1) All fines and forfeitures arising from offenses tried in the county court shall be collected and accounted for by clerk of the court and deposited in a special trust account. All fines and forfeitures received from violations of ordinances or misdemeanors committed within a county, or municipal ordinances committed within a municipality within the territorial jurisdiction of the county court, shall be paid monthly to the county or municipality respectively except as provided in s. 23.103. (2) All court costs assessed in county court shall be paid to and retained by the county except as provided in ss. 23.103 and 23.105 and subsection (3) of this section. Thus, when a municipal court is abolished, all fines and forfeitures imposed in county court for violations of municipal ordinances are paid to the municipality and the costs taxed by the court are, with certain exceptions not here material, paid to and retained by the county. However, there is no statute setting forth the amount of costs or the manner in which costs should be assessed. Because of this lack of legislative direction, the Supreme Court of Florida, at 270 So.2d 739 (Fla. 1972), adopted Transition Rule 8, to remain in effect until superseded by an act of the legislature: When any municipal court is abolished and violations of municipal ordinances are prosecuted in county court, the circuit judges and county judges of a circuit may, by local rule, establish a schedule of costs required by Fla. Const. (Rev.) Art. V, s. 20(c)(8), and Fla. Stat. s. 34.191(2), F.S.A., of costs required to be assessed in the county court and paid to the county. If, pursuant to the authority of this rule, a schedule of costs was established in your county which assesses against municipalities those taxable costs appurtenant to the trial in county court of violations of municipal ordinances, when no fine or forfeiture or costs are assessed against the defendant, then this office cannot, of course, interfere with the prerogative of the judiciary in this regard.
However, it might be noted that the foregoing provisions of s.34.191, supra, and Art. V, s. 20(c)(8), supra, have been consistently interpreted in previous opinions of this office in such a manner that neither the municipalities which have abolished their courts, nor the counties which are primarily responsible for financially supporting the county courts, s. 34.171, F.S., are penalized by the phasing out of municipal courts. Attorney General Opinions 072-259, 073-11, 073- 81, 074-96, and 074-137. Consistent with this position, I am of the opinion that assessable costs appurtenant to the trial of violations of municipal ordinances in county courts, when not assessed against the person convicted, pursuant to s. 34.041(3), F.S., should be borne by and chargeable to the municipality. Such was the situation when violations of municipal ordinances were tried in municipal court; thus, such should be the result when violations of municipal ordinances are now tried in county court. Therefore, pending legislative or judicial clarification, your question is answered in the affirmative.